UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

- against -

DAVID KUGEL,

                Defendant.

------------------------------------------------------------x

11 Civ. 8434 (LTS)

### FINAL JUDGMENT AS TO DEFENDANT DAVID KUGEL

The Securities and Exchange Commission having filed a Complaint and Defendant David Kugel having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS FURTHER ORDERED** that Defendant, and each of his partners, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from, directly or indirectly, singly or in concert, in the offer, purchase or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    to employ any device, scheme, or artifice to defraud;

  (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation, or aiding and abetting a violation, of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

II.

**IT IS FURTHER ORDERED** that Defendant, and each of his partners, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from, directly or indirectly, singly or in concert, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

  a. employing any device, scheme or artifice to defraud any client or prospective client; or

  b. engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any client or prospective client,

in violation, or aiding and abetting a violation, of Sections 206(1) and 206(2) of the Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)].

III.

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from aiding or abetting any violation of Section 15(c) of the Exchange Act [15 U.S.C. §78o(c)], and Rule 10b-3 thereunder [17 C.F.R. §240.10b-3] by effecting transactions in, or inducing or attempting to induce the purchase or sale of, securities, by means of manipulative, deceptive, or other fraudulent devices or contrivances, by use of the mails or the means or instrumentalities of interstate commerce, including:

a. acts, practices, and courses of business that operate or would operate as a fraud or deceit upon any person,

b. untrue statements of material fact and omissions to state a material fact, necessary, in light of the circumstances under which they were made, not misleading.

IV.

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from aiding or abetting any broker or dealer's violation of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-3 thereunder [17 C.F.R. § 240.17a-3] by failing to make, maintain on such broker's or dealer's premises, or keep accurate, books and records required by law, including, but not limited to, account statements, ledgers, blotters and journals.

V.

**IT IS FURTHER ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service, facsimile service, telephonic notice, notice by e-mail or otherwise, are permanently enjoined from aiding and abetting any investment adviser from violating Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. § 275.204-2] by failing to make, maintain on such investment adviser's premises, or keep accurate, books and records required by law, including, but not limited to, account statements, ledgers, blotters and journals.

VI.

**IT IS FURTHER ORDERED** that disgorgement of $22,229,368 shall be deemed satisfied against Defendant in this civil action, based on the criminal forfeiture order entered in United States v. Kugel, 11 Crim. 22б 16 (S.D.N.Y.) (LTS).]

Dated: __November 28__, 2011

_____
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

4

## CONSENT OF DEFENDANT DAVID KUGEL

1.  Defendant David Kugel ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently enjoins Kugel from (a) violating or aiding and abetting violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], (b) violating or aiding and abetting violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)], (c) aiding and abetting violations of Sections 15(c) and 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rules 10b-3 and 17a-3 thereunder [17 C.F.R. §240.10b-3 and 17 C.F.R. § 240.17a-3], and (d) aiding and abetting violations of Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. § 275.204-2];

    (b) deems disgorgement plus prejudgment interest thereon satisfied upon entry of a criminal forfeiture order in <u>United States v. David Kugel</u>, 10 Crim 228 (LTS);

3.  Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.  Defendant waives the right, if any, to a jury trial and to appeal from the entry of

1

the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or

3

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 11/19/11

_____
David Kugel

On November 19, 2011, David Kugel, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 3/30/2015

Approved as to form:

_____
Daniel Zelenko, Esq.
Michael Blumenthal, Esq.
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, New York 10022

Attorney for Defendant

Robert N. Tabor
Notary Public, State of New York
No. 01TA4738380
Qualified in Nassau County
Commission Expires March 30, 2015

4